UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMANTHA L. SIX, an individual, | NO.  2:21-cv-00658-JRC |
| Plaintiff, | |
| v. | AMENDED COMPLAINT FOR DAMAGES |
| | JURY DEMANDED |
| CITY OF SEATTLE, a governmental entity; KING COUNTY, a municipal entity; SCOTT LUCKIE, in his individual capacity; MICHAEL EASTMAN, in his individual capacity; and JOHN DOES 1-5, | |
| Defendants. | |

COMES NOW Plaintiff, by and through her attorneys of record, James S. Rogers, Heather M. Cover and Michelle Hyer, and hereby alleges as follows:

## I.  PARTIES

1.1     At all material times herein, Plaintiff Samantha L. Six was a resident of Seattle, Washington.

1.2     The City of Seattle is a political subdivision of the State of Washington and is located in King County.  The City of Seattle provides law enforcement services through its police department, Seattle Police Department ("SPD").

AMENDED COMPLAINT FOR DAMAGES – 1

LAW OFFICES OF JAMES S. ROGERS
1500 Fourth Avenue, Suite 1500
Seattle WA  98101
Ph: 206/621-8525;  Fax: 206/223-8224

1.3     SPD's mission is to prevent crime, enforce the law, and support quality public safety by delivering respectful, professional and dependable police services.[1]  SPD's Department Priorities include "[f]ostering an organizational culture where fundamental values are integrity, accountability, ethical decision-making, and respect for civil and constitutional rights."[2]

1.4     Defendant SCOTT LUCKIE is a City of Seattle police officer who, at all times material hereto, was acting within the scope of his employment and under color of state law.

1.5     Defendant MICHAEL EASTMAN is also a City of Seattle police officer who, at all times material hereto, was acting within the scope of his employment and under color of state law.

1.6     Defendants JOHN DOES 1-5 were, at all times relevant hereto, employees and/or agents of the City of Seattle and/or King County acting within the scope of their employment and/or under the color of state law.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the acts and/or omissions alleged herein.

1.7     King County is a municipal corporation organized under the laws of the State of Washington, which by and through its agency, the Department of Adult and Juvenile Detention, operated, managed, and controlled the King County Correctional Facility (hereinafter "KCCF") staff and/or King County Sheriff's Office staff.

1.8     At all relevant times, King County employees, including, but not limited to, King County Sheriff's Office deputies, King County Corrections officers, employees of the King County Department of Adult and Juvenile Detention, employees of the King County Correctional

---

[1] *See* https://www.seattle.gov/police-manual/general-policy-information/mission-statement-and-priorities.

AMENDED COMPLAINT FOR DAMAGES – 2

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 1500
Seattle WA  98101
Ph: 206/621-8525;  Fax: 206/223-8224

Facility, and any independent contractors working within the jail were acting within the scope of their employment and/or agency and were acting under the color of state law.

## II. <u>JURISDICTION, VENUE, and STATUTORY COMPLIANCE</u>

2.1    Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because at least some of the Defendants reside in this judicial district and under 28 U.S.C. § 1391 (b)(3) because a substantial part of the events or omissions giving rise to this cause of action took place in the Western District of Washington.

2.2    On September 14, 2020, an administrative claim was served upon Defendant City of Seattle as directed on the Claim for Damages form.

2.3    On September 14, 2020, an administrative claim was served upon Defendant King County as directed on the Claim for Damages form.

2.4    Any prerequisites to the maintenance of this action imposed by RCW 4.96 have been satisfied.

## III. <u>FACTS</u>

### *SPD History, Pattern and Practice of Excessive Use of Force and*
### *Unconstitutional Response to Protests*

3.1    The SPD has a history, pattern and practice of excessive of force and unconstitutional responses to protests.  In 2011, the Department of Justice completed an investigation into complaints of excessive use of force by SPD, culminating in a report documenting a "pattern or practice of constitutional violations regarding the use of force that result from structural problems . . ."

2 *Id.*

AMENDED COMPLAINT FOR DAMAGES – 3

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 1500
Seattle WA  98101
Ph: 206/621-8525;  Fax: 206/223-8224

3.2     Thereafter, in 2012, the United States and Seattle entered into a Consent Decree requiring significant reforms to SPD, including new use-of-force policies and trainings, and new supervision and oversight with community involvement.

3.3     The Consent Decree included protocols for the following subject areas: (a) use of force principles, (b) weapon-specific policies (including the use of Oleoresin spray and impact weapons), (c) use of force reporting and investigation, (d) use of force training, (e) crisis intervention, (f) stops and detention, (g) bias-free policing, and (h) police supervision.[3]

3.4     The Consent Decree expressly stated three primary goals which the City of Seattle must meet: (a) to fully comply with the Constitution and the laws of the United States, (b) to ensure public and officer safety, and (c) to promote public confidence in the SPD and its officers. *Id*. at 1.

3.5     In 2015, the City of Seattle saw significant protests after the events in Ferguson, Missouri where 18-year-old Michael Brown, an African American male was shot and killed by a police officer, involving protests by the Black Lives Matter movement as well as May Day, 2015.

3.6     SPD was criticized by the Community Police Commission which raised key issues including: movement control, inaccurate statements (for instance describing an officer who fell during a march as having been "assaulted"), targeting leadership of demonstrations, out of policy/harmful use of pepper spray, blast balls and other projectiles, and unnecessary use of intimidating tactics.

---

3 The Settlement Agreement and Consent Decree can be found at:
http://www.seattle.gov/Documents/Departments/Police/Compliance/Consent_Decree.pdf.

AMENDED COMPLAINT FOR DAMAGES – 4

LAW OFFICES OF JAMES S. ROGERS
1500 Fourth Avenue, Suite 1500
Seattle WA  98101
Ph: 206/621-8525;  Fax: 206/223-8224

3.7     Tactics deployed during May Day demonstrations were criticized by the Seattle City Council, which noted an incident involving a police officer riding a bicycle into a group of demonstrators and tackling one of them.  The use of blast balls was also condemned.

3.8     Following these demonstrations, the Office of Public Accountability also weighed in and criticized SPD for the unreasonable and excessive use of force in responding to these events.

3.9     In May of 2019, Federal Court Judge Robart determined that the City had fallen out of compliance with the Consent Decree.  He specifically noted that the Seattle Police Officers Guild had employed practices that "(1) retains significant attributes of the old appeals system that the parties admit needs reform, and (2) abrogates critical reforms in the Accountability Ordinance that the parties put in place," specifically reforms dealing with use-of-force, supervision of officers and community confidence.[4]

3.10    Judge Robart also stated that "The court concludes that any provision that implicates officer discipline related to the use-of-force inherently implicates all three of the Consent Decree's purposes, and thus, must be consistent with them."  *Id*.

3.11    Despite the lack of compliance, the City sought termination of portions of the Consent Decree on May 7, 2020.

3.12    Incidents of excessive force consistent with its patterns and practices continued, leading the City of Seattle to acknowledge some of the problems after a Department of Justice investigation revealed that reasonable cause existed to believe that the SPD engaged in a pattern or practice of using unnecessary or excessive force in violation of the Fourth Amendment to the United States Constitution and 42 U.S.C. §14141.

---

4  Judge Robart's May 21, 2019 ruling can be found at:
https://www.seattle.gov/Documents/Departments/OPA/Legislation/Federal-Court-Order-Consent-Decree-052119.pdf.

AMENDED COMPLAINT FOR DAMAGES – 5

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 1500
Seattle WA  98101
Ph: 206/621-8525;  Fax: 206/223-8224

3.13   Given the City of Seattle's history of mass protests, as early as the 1999 World Trade Organization protests,[5] the City of Seattle was aware of the need to address law enforcementpolice accountability and discipline and failed to do so, resulting in an ongoing pattern and practice of excessive force and unconstitutional conduct of which Plaintiff was a victim, as discussed below.

### The Protests During the Summer of 2020 and the SPD Response

3.14   On July 25, 2020, at approximately 5:00 p.m., Plaintiff was peacefully protesting in the Capitol Hill neighborhood of Seattle, and, in so doing, exercising her First Amendment rights under the United States Constitution.

3.15   Protests such as this were common in the summer of 2020 in response to the killing of George Floyd, an unarmed African American male murdered by Minneapolis, Minnesota police officer, Derek Chauvin on May 25, 2020.

3.16   Floyd's murder was the catalyst for national protests calling for attention and reform regarding racial inequality and racial injustice—particularly in policing.

3.17   Seattle was one of the epicenters of multiple protests as Black Lives Matter, other organizations and citizens worked to advance awareness around the aforementioned racial inequality and racial injustice issues.

3.18   In response to these protests, SPD exercised an unconstitutional use of force consistent with its ongoing pattern and practice, to discourage protesters from exercising their First Amendment rights afforded to them under the United States Constitution to peacefully protest and assemble.

---

5 https://www.seattle.gov/exhibits-and-education/digital-document-libraries/world-trade-organization-protests-protests-in-seattle (accessed March 20, 2021).

AMENDED COMPLAINT FOR DAMAGES – 6

LAW OFFICES OF JAMES S. ROGERS
1500 Fourth Avenue, Suite 1500
Seattle WA  98101
Ph: 206/621-8525;  Fax: 206/223-8224

3.19    For instance, on May 29, 2020, SPD responded to protesters with pepper spray and flash bangs.  The Office of Police Accountability ("OPA") investigated an incident involving officers pinning a protester to the ground and punching him.

3.20    On May 30, 2020, a large crowd gathered in Westlake Park in downtown Seattle.  SPD turns tear gas and flash bangs on the crowd and pepper sprays a child.  An SPD officer kneels on a protester's neck – the same practice that led to the death of George Floyd.

3.21    May 31, 2020, a small demonstration is again met with a violent response.  Social media video shows a Seattle police officer punching a protestor on the ground.  Blast balls are used.

3.22    As a result of the force used against protesters during the May 29-May 31, 2020 weekend, OPA received over 12,000 complaints concerning SPD's actions.

3.23    After these complaints were received, the City withdrew its May 7, 2020 Motion seeking termination of certain provisions of the Consent Decree as set forth above.

3.24    In the days that followed, SPD continued to use excessive force against protestors – with one SPD trooper caught on tape telling fellow troopers "Don't kill them, but hit them hard."

3.25    Finally, on June 5, 2020, Mayor Jenny Durkan and then police chief Carmen Best ask for a moratorium on tear gassing protesters and request police accountability groups to examine SPD's crowd control policies.

3.26     SPD continues to use blast balls, pepper spray and tear gas to disperse crowds in the days following the June 5, 2020 request.  Citizens living in the Capital Hill neighborhood where protests were taking place complain that tear gas is used in such quantities that people living in nearby apartments notice it seeping into their residences.

AMENDED COMPLAINT FOR DAMAGES – 7

LAW OFFICES OF JAMES S. ROGERS
1500 Fourth Avenue, Suite 1500
Seattle WA  98101
Ph: 206/621-8525;  Fax: 206/223-8224

3.27   The actions of SPD during the summer of 2020 violated its own policies: SPD Manual, Section 8.200 regarding Using Force states: "1. Use of Force: When Authorized An officer shall use only the force objectively reasonable, necessary, and proportional to effectively bring an incident or person under control, while protecting the life and safety of all persons. . . . (3) Officers Should Assess and Modulate the Use-Of-Force as Resistance Changes.  For example, as resistance decreases, the use of force may decrease."

3.28   In the days and weeks to follow, reports of excessive force and complaints about SPD conduct continued.  In response to the protests during the summer of 2020, SPD disregarded its own policies and procedures, as well as the federal and state constitutions, which demonstrated a custom, policy, practice or pattern of deliberate indifference to Plaintiff's constitutionally protected rights.

3.29   On July 25, 2020, at approximately 5:00 p.m., Plaintiff was peacefully protesting in the Capitol Hill neighborhood of Seattle in the lawful exercise of her First Amendment rights under the United States Constitution.

3.30   Plaintiff suffers from a seizure disorder that requires her to take an anti-seizure medication at specific times to prevent seizures from occurring.  At the time of the subject incident Plaintiff was carrying the anti-seizure medication in her backpack.

3.31   Due to the history between the police, protesters and counter protesters, Plaintiff was wearing a helmet and a gas mask to protect herself from harm.

3.32   In response to the Capitol Hill protest and in accordance with its pattern, practice and custom of using excessive force on protesters, SPD responded with armored officers.  SPD used pepper spray, flash-bang devices, bikes, batons and other methods on a group of protesters, which included the Plaintiff.

AMENDED COMPLAINT FOR DAMAGES – 8

3.33    In an effort to disperse and/or move the crowd of demonstrators, SPD officers used bikes and other intimidating tactics to move the crowd down the street – creating a situation where a cluster of people were unable to safely move.

3.34    SPD officers shouted at Plaintiff and other protesters to "keep moving" but there was nowhere for Plaintiff to move given the number of people in the area.

3.35    At the time Plaintiff was being pushed back by police officers, protesters in Plaintiff's proximity were peaceful and exercising their First Amendment rights under the United States Constitution.

3.36    One SPD officer, Defendant LUCKIE, unreasonably, excessively, and unnecessarily grabbed Plaintiff's backpack and jerked her to the ground.  Media reports of the incident depict Defendant LUCKIE with his hand on Plaintiff's backpack in the moments immediately prior to violently pulling her from behind onto the ground.  At the time, Plaintiff was simply walking forward as directed by the police.

3.37    The arresting officers LUCKIE and EASTMAN verbally harassed Plaintiff.  Arresting officers LUCKIE and EASTMAN tackled, poked, slapped, and pepper sprayed Plaintiff.



AMENDED COMPLAINT FOR DAMAGES – 9

LAW OFFICES OF JAMES S. ROGERS
1500 Fourth Avenue, Suite 1500
Seattle WA  98101
Ph: 206/621-8525;  Fax: 206/223-8224

3.38    As she was jerked onto the pavement, and as a result of the excessive force used against her, Plaintiff went limp and lost consciousness.  While unconscious and in police custody, Defendant LUCKIE and Defendant EASTMAN excessively and unnecessarily dragged Plaintiff down the street, as captured on video footage of the incident.

3.39    Plaintiff was taken into custody on the corner of Harvard Avenue and East Olive Street.



3.40    At least one witness observed officers dragging Plaintiff down the street while her head was down and her chin was resting on her chest.  The arrest report indicates that Plaintiff was taken from the corner of Harvard Avenue and East Olive Street in a westbound direction down East Olive Street.

AMENDED COMPLAINT FOR DAMAGES – 10

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 1500
Seattle WA  98101
Ph: 206/621-8525;  Fax: 206/223-8224

1
2
3
4
5
6
7
8
9
10
11



12   3.41   While Plaintiff was handcuffed and unconscious, an SPD officer was leaning on Plaintiff's

13        neck, again excessively, unreasonably and unnecessarily.

14   3.42   During the time that Plaintiff was in the custody of SPD and laying on the street handcuffed,

15        she experienced seizures—an objectively serious medical condition which any lay person

16        would recognize as requiring medical attention— for which medical aid was not immediately

17        called.

18   3.43   Other protesters began to tell SPD officers that Plaintiff needed medical aid.

19   3.44   Approximately 18 minutes elapsed before medical aid arrived at the scene.

20   3.45   Plaintiff and other protesters were transported by van to the SPD West Precinct.

21   3.46   Plaintiff made repeated requests for her anti-seizure medication at the SPD West Precinct;

22        SPD unreasonably ignored these urgent medical requests despite her objectively serious

23        medical condition.

AMENDED COMPLAINT FOR DAMAGES – 11

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 1500
Seattle WA  98101
Ph: 206/621-8525;  Fax: 206/223-8224

1    3.47   At the time of her arrest, SPD officers confiscated Plaintiff's backpack, which contained her

2           vital anti-seizure medication.

3    3.48   Eventually, Plaintiff was transferred to the King County Correctional Facility for

4           confinement as a pretrial detainee.  There, she was offered a face mask that had already been

5           used, as it was stained with makeup.

6    3.49   While in the KCCF booking area, Plaintiff made repeated requests for her anti-seizure

7           medication. KCCF were aware that these medications were necessary to address objectively

8           serious medical condition.  However, her requests were unreasonably denied or ignored.

9    3.50   Without justification, a "spit hood" or mesh sack was placed over Plaintiff's head by KCCF

10          staff and she was escorted within the KCCF by multiple officers.

11   3.51   Plaintiff was separated from other protesters and placed in an isolation cell used for inmates

12          with mental health issues even though she had no mental health issue.

13   3.52   While in the isolation cell, Plaintiff was harassed by KCCF staff members while she begged

14          for her medication.  One staff member mocked Plaintiff by telling her to call "Dr. Google" to

15          get her medication. KCCF staff continued to deny or ignore her request for anti-seizure

16          medications.

17   3.53   In the isolation cell, Plaintiff continued to scream for her anti-seizure medication in

18          approximately 15-minute intervals.  Plaintiff's pleas for her medication were so loud and so

19          frequent they were heard by other inmates.  All requests were denied or ignored by KCCF

20          staff.

21   3.54   Plaintiff was forced to use her bedding to protect herself from injuries while she continued to

22          have seizures while in the isolation cell of the KCCF.

23

AMENDED COMPLAINT FOR DAMAGES – 12

3.55    Plaintiff had multiple seizures throughout the night while repeatedly and continually requesting her anti-seizure medication.

3.56    The day after her arrest, an attorney, Sade Smith, attempted to see Plaintiff.  Smith was told that Plaintiff refused to meet with her, but on the contrary, Plaintiff had not instructed anyone that she was refusing to meet with her attorney.

3.57    Plaintiff was booked on the charge of obstruction, pursuant to Seattle Municipal Code 10.24.080, but no criminal charges were ever filed against Plaintiff.

3.58    Plaintiff was released from custody at approximately 7 p.m. on July 26th,  the day after her arrest.

3.59    Plaintiff was never given her anti-seizure medication and it was never returned to her.

3.60    The KCCF had a pattern, practice and custom of denying important medications to inmates and detainees who needed them for objectively serious medical conditions.  Plaintiff was a victim of this pattern, practice and custom.

3.61    Plaintiff suffered injuries, emotional distress and other damages and was denied her constitutional rights as a direct and proximate result of the actions and omissions described above.

## IV.  COUNT ONE:
## 42 U.S.C. 1983: VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION—RIGHT TO FREE SPEECH AND ASSEMBLY
### (Defendant City of Seattle)

4.1    Plaintiff incorporates all paragraphs of this Complaint and further alleges:

4.2    The SPD's policy, practice, pattern and custom of detaining and arresting peaceful protestors deprived the Plaintiff of her rights under the First Amendment to the United States Constitution.

AMENDED COMPLAINT FOR DAMAGES – 13

4.3    At the time of her detention and arrest, Plaintiff was engaging in speech—a peaceful protest—that was protected under the First Amendment.

4.4    At the time of her detention and arrest, Plaintiff was exercising her right of assembly that was protected under the First Amendment.

4.5    The City of Seattle unlawfully detained and arrested Plaintiff in violation of her constitutional rights.

4.6    The City of Seattle infringed on Plaintiff's right of assembly by unlawfully detaining and arresting Plaintiff in violation of her constitutional rights.

4.7    The chilling of the Plaintiff's protected speech and right to assembly was a substantial or motivating factor behind the City of Seattle's action in unlawfully detaining and arresting Plaintiff and other peaceful protestors.

4.8    As a proximate cause of Defendant City of Seattle's acts, omissions, violations and/or wrongful conduct, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, loss of quality of life, loss of enjoyment of life, temporary and/or partial impairment and/or disability, emotional disfigurement and/or scarring, loss of income, economic loss, medical expenses, and other expenses, and is therefore entitled to recover special, general, and/or punitive damages in an amount to be proven at trial.

## V.  COUNT TWO:
### 42 U.S.C. 1983:VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION—RIGHT TO FREE SPEECH AND ASSEMBLY (Defendants Luckie, Eastman and John Does 1-5[6])

---

6 Employees and/or agents of the City of Seattle.

AMENDED COMPLAINT FOR DAMAGES – 14

LAW OFFICES OF JAMES S. ROGERS
1500 Fourth Avenue, Suite 1500
Seattle WA  98101
Ph: 206/621-8525;  Fax: 206/223-8224

5.1   Defendants LUCKIE, EASTMAN and JOHN DOES 1-5 were operating under the color of law at the time of the incident and were, at a minimum, deliberately indifferent to Plaintiff's constitutional right to free speech and assembly.

5.2   At the time of her detention and arrest, Plaintiff was engaging in speech—a peaceful protest—that was protected under the First Amendment.

5.3   Defendants LUCKIE and EASTMAN unlawfully arrested and detained Plaintiff in violation of her constitutional rights.

5.4   Defendants LUCKIE and EASTMAN infringed on Plaintiff's right of assembly by unlawfully detaining and arresting her in violation of her constitutional rights.

5.5   At the time of her detention and arrest, Plaintiff was exercising her right of assembly that was protected under the First Amendment.

5.6   Defendants LUCKIE and EASTMAN were acting within established custom, practice, policy or pattern established by the City of Seattle, and violated Plaintiff's First Amendment rights.

5.7   The acts and/or omissions of Defendants LUCKIE, EASTMAN and JOHN DOES were performed under the color of law, custom or usage.

5.8   The acts and/or omissions of Defendants LUCKIE, EASTMAN and JOHN DOES deprived the Plaintiff of her rights and privileges secured by the First Amendment to the United States Constitution and were committed with malice or reckless disregard for her constitutional rights.

5.9   As a proximate result of the acts, omissions, violations, and/or wrongful conduct of Defendants LUCKIE, EASTMAN and JOHN DOES and deprivation of Plaintiff's First

AMENDED COMPLAINT FOR DAMAGES – 15

Amendment rights, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, loss of quality of life, loss of enjoyment of life, temporary and/or partial impairment and/or disability, emotional disfigurement and/or scarring, loss of income, economic loss, medical expenses, and other expenses, and is therefore entitled to recover special, general, and/or punitive damages in an amount to be proven at trial.

## VI.  COUNT THREE:
### 42 U.S.C §1983 VIOLATION OF THE FOURTH AMENDMENT PROHIBITION AGAINST UNREASONABLE SEARCHES AND SEIZURES AND USE OF EXCESSIVE FORCE
#### (Defendant City of Seattle)

6.1    Plaintiff incorporates all paragraphs of this Complaint and further alleges:

6.2    Defendant City of Seattle violated the Plaintiff's Constitutional rights under the Fourth Amendment to the United States Constitution, as set forth herein.

6.3    Defendant City of Seattle had longstanding customs, policies, and practices that amount to deliberate indifference to the rights of persons with whom its police officers regularly come into contact, including peaceful protestors like the Plaintiff, and which were the moving force in the unlawful actions taken against Plaintiff.

6.4    Defendant City of Seattle failed to train the SPD's law enforcement officers and failed to adopt and implement policies for, among other things, the use of less-lethal tactics, proper nonviolent crowd control techniques, and the decision-making process that should accompany the use of force.  This failure to train was a moving force in the unlawful actions taken against Plaintiff.

6.5    Defendant City of Seattle's failures have deprived Plaintiff of her rights and privileges granted by the United States Constitution and in violation of 42 U.S.C. §1983.

AMENDED COMPLAINT FOR DAMAGES – 16

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 1500
Seattle WA  98101
Ph: 206/621-8525;  Fax: 206/223-8224

6.6     It was highly probable that the Defendant City of Seattle's failures would result in the constitutional violations that occurred in this case.  Plaintiff's injuries were a foreseeable consequence of the City of Seattle and SPD's use of excessive force and failure to equip its law enforcement officers with the necessary training and tools to handle recurring situations such as peaceful civil rights protests.

6.7     Defendant City of Seattle's failures are part of a custom, policy, practice or pattern of the City of Seattle and SPD in utilizing unconstitutional and excessive force against citizens.

6.8     The actions of the officers involved, which deprived the Plaintiff of her constitutional rights, conformed to the policy, custom, and practice of the Defendant City of Seattle.

6.9     Plaintiff was arrested, for purposes of the Fourth Amendment, when she was seized, restrained and physically dragged down a Seattle street by SPD officers LUCKIE and EASTMAN.

6.10    Plaintiff has a federally protected right, under the Fourth Amendment, not to be arrested without probable cause.

6.11    Defendants City of Seattle and Officers LUCKIE and EASTMAN lacked probable cause to arrest Plaintiff.

6.12    The acts and/or omissions of Defendant City of Seattle proximately caused the deprivation of Plaintiff's Fourth Amendment rights.

6.13    As a result of the acts, omissions, wrongful conduct, violations, and/or deliberate indifference of the Defendant City of Seattle, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, loss of quality of life, loss of enjoyment of life, temporary and/or partial impairment and/or disability, emotional

AMENDED COMPLAINT FOR DAMAGES – 17

1   disfigurement and/or scarring, loss of income, economic loss, medical expenses, and other

2   expenses, and is therefore entitled to recover special, general, and/or punitive damages in an

3   amount to be proven at trial.

4   **VII.  COUNT FOUR:**
**42 U.S.C. §1983 VIOLATION OF THE FOURTH AMENDMENT**
5   **AGAINST UNREASONABLE SEARCHES AND SEIZURES AND**
**THE USE OF EXCESSIVE FORCE**
6   **(Defendants Luckie, Eastman and John Does 1-5[7])**

7   7.1   Plaintiff incorporates all paragraphs of this Complaint and further alleges:

8   7.2   The Fourth Amendment to the United States Constitution prohibits unreasonable searches

9   and seizures of a person.  This Amendment protects citizens by prohibiting government law

10   enforcement personnel from using excessive force.

11   7.3   These rights are long-standing and clearly established.

12   7.4   Defendants LUCKIE, EASTMAN and JOHN DOES 1-5 were operating under the color of

13   law at the time of the incident and were deliberately indifferent to Plaintiff's constitutional

14   rights by engaging in an unreasonable search and seizure and by using excessive force

15   against Plaintiff.

16   7.5   Defendant LUCKIE, Defendant EASTMAN, and JOHN DOES of the SPD violated the

17   Fourth Amendment's clearly established prohibitions against excessive force when they

18   dragged an unconscious Plaintiff down a Seattle street and restrained her by placing weight

19   on her neck while she was in need of medical aid.  Plaintiff was unarmed and engaged in a

20   peaceful protest at the time of her arrest.

21

22

23   
---
7 Employees and/or agents of the City of Seattle.

AMENDED COMPLAINT FOR DAMAGES – 18

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 1500
Seattle WA  98101
Ph: 206/621-8525;  Fax: 206/223-8224

7.6   Plaintiff has a federally protected right, under the Fourth Amendment, not to be subjected to an unreasonable search and seizure and excessive force.

7.7   Defendants LUCKIE and EASTMAN were acting with malice or reckless disregard to Plaintiff's Constitutional Rights when the excessive force was used against Plaintiff and when they otherwise violated her constitutional rights as alleged herein.

7.8   The acts and/or omissions of Defendants LUCKIE, EASTMAN, and JOHN DOES were performed under the color of law, custom or usage.

7.9   Plaintiff was arrested, in violation of the Fourth Amendment, when she was seized, restrained and physically dragged down a Seattle street by SPD officers LUCKIE and EASTMAN.

7.10   Defendants City of Seattle and Officers LUCKIE and EASTMAN lacked probable cause to arrest Plaintiff.

7.11   The act and/or omissions of Defendants LUCKIE, EASTMAN and JOHN DOES deprived the Plaintiff of her rights and privileges secured by the United States Constitution in violation of 42 U.S.C. §1983.

7.12   As a proximate result of the acts, omissions, wrongful conduct, violations, and/or deliberate indifference of Defendants LUCKIE, EASTMAN and JOHN DOES and deprivation of Plaintiff's Fourth Amendment rights, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, loss of quality of life, loss of enjoyment of life, temporary and/or partial impairment and/or disability, emotional disfigurement and/or scarring, loss of income, economic loss, medical expenses, and other expenses, and is therefore entitled to recover special, general, and/or punitive damages in an amount to be proven at trial.

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 1500
Seattle WA  98101
Ph: 206/621-8525;  Fax: 206/223-8224

## VIII.  COUNT FIVE:
## WASHINGTON CONSTITUTION ARTICLE 1 §7–UNCONSTITUTIONAL SEARCH AND SEIZURE AND UNCONSTITUTIONAL EXCESSIVE FORCE
### (Defendants City of Seattle, Luckie, Eastman, and John Does 1-5[8])

8.1    Plaintiff incorporates all paragraphs of this Complaint, and further alleges:

8.2    Under the Washington State Constitution Article I , §7, "No person shall be disturbed in his private affairs, or his home invaded, without authority of law."  This section is the state law equivalent to the Fourth Amendment of the United States Constitution.  It guarantees the right to be free of unlawful arrest and excessive force by state and local governments.  This right focuses on the disturbance of private affairs.

8.3    These rights are long standing and in effect at all times material hereto.

8.4    Defendants City of Seattle, LUCKIE, EASTMAN, and JOHN DOES 1-5 violated and were deliberately indifferent to Plaintiff's Washington State Constitutional Rights by engaging in an unreasonable search and seizure, by unlawfully invading Plaintiff's private affairs and by using excessive force against her as set forth herein.

8.5    Defendants City of Seattle, LUCKIE, EASTMAN, and JOHN DOES 1-5's decision to seize Plaintiff and invade her private affairs was objectively unreasonable under the circumstances.  Plaintiff was unarmed, was peacefully protesting and did not pose any threat to the officers.

8.6    As a proximate result of the acts, omissions, wrongful conduct, and/or violations of Defendants, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, loss of quality of life, loss of enjoyment of life, temporary and/or

---

8 Employees and/or agents of the City of Seattle.

AMENDED COMPLAINT FOR DAMAGES – 20

LAW OFFICES OF JAMES S. ROGERS
1500 Fourth Avenue, Suite 1500
Seattle WA  98101
Ph: 206/621-8525;  Fax: 206/223-8224

partial impairment and/or disability, emotional disfigurement and/or scarring, loss of income, economic loss, medical expenses, and other expenses, and is therefore entitled to recover special, general, and/or punitive damages in an amount to be proven at trial.

### IX.  COUNT SIX:
### NEGLIGENCE
### (Defendants City of Seattle, Luckie, Eastman, and John Does 1-5[9])

9.1   Plaintiff incorporates all paragraphs of this Complaint and further alleges:

9.2   Defendants City of Seattle, LUCKIE, EASTMAN, and JOHN DOES 1-5 owe citizens and Plaintiff a duty of care when engaging in law enforcement functions.

9.3   Defendants City of Seattle, LUCKIE, EASTMAN, and JOHN DOES owe citizens and Plaintiff a duty to refrain from negligently, unreasonably, recklessly, and wantonly engaging in the invasion of a person's body, security and personal safety.

9.4   Defendant City of Seattle owes its citizens and Plaintiff a duty to properly train and supervise its employees, who are acting under the color of state law, in dealing with arrestees, such as the Plaintiff, who have serious medical conditions.

9.5   Defendant City of Seattle owes its citizens and Plaintiff a duty to properly train and supervise its employees in dealing with the appropriate use of force.

9.6   Defendants City of Seattle, LUCKIE, EASTMAN, and JOHN DOES breached their duty when they engaged in the improper, unreasonable, unnecessary, and excessive use of force against Plaintiff.

9.7   Defendants City of Seattle, LUCKIE, EASTMAN, and JOHN DOES breached their duty,

---

9 Employees and/or agents of the City of Seattle.

AMENDED COMPLAINT FOR DAMAGES – 21

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 1500
Seattle WA  98101
Ph: 206/621-8525;  Fax: 206/223-8224

1   acted unreasonably, and were negligent when they used unnecessary and improper physical

2   force and violence against Plaintiff.

3   9.8   Defendants City of Seattle, LUCKIE, EASTMAN, and JOHN DOES breached their duty

4   when they unreasonably, unnecessarily, and without provocation struck the Plaintiff, dragged

5   her down a Seattle street, placed pressure on her neck, sprayed her with pepper spray and

6   otherwise engaged in harmful or offensive contact with Plaintiff thereby inflicting assault

7   and battery on Plaintiff.

8   9.9   The negligent and unreasonable actions of Defendants City of Seattle, LUCKIE,

9   EASTMAN, and JOHN DOES occurred while Defendants LUCKIE, EASTMAN, and

10  JOHN DOES were in the course of their police work and amounted to misfeasance and

11  malfeasance that created a risk of harm, and actual harm, to Plaintiff. Defendants LUCKIE,

12  EASTMAN, and JOHN DOES's actions were egregious, excessive, unreasonable, and well

13  outside the standards that police officers must follow when interacting with citizens of

14  Seattle. Defendants LUCKIE, EASTMAN, and JOHN DOES's actions exposed the Plaintiff

15  to physical and emotional harm; in acting affirmatively, the officers were required to act

16  reasonably and follow the course of conduct of a reasonable officer.

17  9.10.   As a direct and proximate cause of Defendants' negligent acts, omissions, wrongful conduct,

18  and/or breaches, Plaintiff has suffered and will continue to suffer pain and suffering, mental

19  anguish, emotional distress, loss of quality of life, loss of enjoyment of life, temporary and/or

20  partial impairment and/or disability, emotional disfigurement and/or scarring, loss of income,

21  economic loss, medical expenses, and other expenses, and is therefore entitled to recover

22  special, general, and/or punitive damages in an amount to be proven at trial.

23  ///

AMENDED COMPLAINT FOR DAMAGES – 22

## X.  COUNT SEVEN:
## 42 U.S.C. §1983 14TH AMENDMENT VIOLATION
## DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEED
## (Defendants King County and John Does 1-5[10])

10.1    Plaintiff incorporates all paragraphs of this Complaint and further alleges:

10.2    Jail Inmates, including pretrial detainees, have the constitutional right to receive and have access to adequate health care for serious medical conditions.  The constitutional rights of pretrial detainees are at least as strong as those enjoyed by convicted prisoners.  Prisoners are entitled to rights under the Eighth Amendment of the United States Constitution, while the rights of pretrial detainees emanate from the Due Process Clause of the Fourteenth Amendment.

10.3    By virtue of the facts set forth herein, Defendants King County and JOHN DOES 1-5 deprived the Plaintiff of her federally protected rights by their deliberate indifference to the Plaintiff's serious medical needs, which deliberate indifference was part of an established custom, pattern and practice of the KCCF.

10.4    By virtue of the facts set forth herein, and as a result of its policies, practices and customs at the King County Correctional Facility, Defendants King County and JOHN DOES 1-5 caused Plaintiff to be deprived of her federally protected rights.

10.5    As a direct and proximate cause of Defendants King County and JOHN DOES's acts, omissions, wrongful conduct, violations and/or deliberate indifference to Plaintiff's constitutional rights, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, loss of quality of life, loss of

---

10 Employees and/or agents of King County.

AMENDED COMPLAINT FOR DAMAGES – 23

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 1500
Seattle WA  98101
Ph: 206/621-8525;  Fax: 206/223-8224

enjoyment of life, temporary and/or partial impairment and/or disability, emotional disfigurement and/or scarring, loss of income, economic loss, medical expenses, and other expenses, and is therefore entitled to recover special, general, and/or punitive damages in an amount to be proven at trial.

### XI.  COUNT EIGHT:
### 42 U.S.C. §1983 VIOLATION OF THE SIXTH AMENDMENT RIGHT TO COUNSEL
### (Defendants King County and John Does 1-5[11])

11.1   Plaintiff incorporates all paragraphs of this Complaint, and further alleges:

11.2   The Sixth Amendment to the United States Constitution guarantees all criminal detainees the right to counsel.

11.3   Defendants King County and JOHN DOES 1-5 violated the Plaintiff's Sixth Amendment right when it denied her access to her counsel, Sade Smith, who was requesting to see her to provide legal counsel.

11.4   Defendants King County and JOHN DOES 1-5 inaccurately informed Ms. Smith that Plaintiff was refusing to meet with her.

11.5   As a direct and proximate cause of Defendants' acts, omissions, wrongful conduct and/or violations of Plaintiff's constitutional rights, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, loss of quality of life, loss of enjoyment of life, temporary and/or partial impairment and/or disability, emotional disfigurement and/or scarring, loss of income, economic loss, medical expenses, and other expenses, and is therefore entitled to recover special, general, and/or punitive damages in an amount to be proven at trial.

---

11 Employees and/or agents of King County.

AMENDED COMPLAINT FOR DAMAGES – 24

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 1500
Seattle WA  98101
Ph: 206/621-8525;  Fax: 206/223-8224

## XII.  COUNT NINE:
## NEGLIGENCE
## (Defendants King County and John Does 1-5[12])

12.1   Defendant King County, through its operation of the King County Correctional Facility, and Defendants JOHN DOES 1-5 owed Plaintiff a duty of reasonable care while she was in custody.  By virtue of the facts set forth herein, Defendants' actions and inactions fell well below the standard of care owed to Plaintiff, proximately causing Plaintiff's physical and emotional damages in an amount to be proven at trial.

12.2   As a direct and proximate cause of Defendants' acts, omissions, wrongful conduct, and/or breaches, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, loss of quality of life, loss of enjoyment of life, temporary and/or partial impairment and/or disability, emotional disfigurement and/or scarring, loss of income, economic loss, medical expenses, and other expenses, and is therefore entitled to recover special, general, and/or punitive damages in an amount to be proven at trial.

## XIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.   Compensatory damages, including economic and noneconomic damages, damages for pain and suffering consistent with the remedial purposes of 42 U.S.C. §1983;

2.   Damages, including general and special damages as may be available under Washington law, in an amount to be proven at trial;

3.   Costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. §1988 and to the extent available under the law;

---

12 Employees and/or agents of King County.

AMENDED COMPLAINT FOR DAMAGES – 25

LAW OFFICES OF JAMES S. ROGERS
1500 Fourth Avenue, Suite 1500
Seattle WA  98101
Ph: 206/621-8525;  Fax: 206/223-8224

1    4.   Punitive damages to the extent authorized by law in an amount to be proven at trial against

2         the individual defendants named herein;

3    5.   Declaring the defendants jointly and severally liable;

4    6.   Awarding any and all applicable interest on the judgment; and

5    7.   Awarding such other relief as the Court deems just and equitable.

6                                    **<u>JURY DEMAND</u>**

7         Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury for all

8    issues so triable.

9         DATED this 24th day of May, 2021.

10                                             LAW OFFICES OF JAMES S. ROGERS

11                                             s/James S. Rogers
12                                             s/Heather M. Cover
                                               s/ Michelle Hyer
13                                             James S. Rogers, WSBA #5335
                                               Heather M. Cover, WSBA #52146
                                               Michelle Hyer, WSBA #32724
14                                             1500 Fourth Avenue, Suite 500
                                               Seattle, WA 98101
15                                             E-mail: jsr@jsrogerslaw.com
                                               E-mail:heather@jsrogerslaw.com
16                                             E-mail:michelle@jsrogerslaw.com

17                                             *Attorneys for Plaintiff*

18

19

20

21

22

23

AMENDED COMPLAINT FOR DAMAGES – 26