1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8
WESTERN DISTRICT OF WASHINGTON

9
AT TACOMA

10   SAMANTHA L. SIX,

CASE NO. 2:21-cv-00658-RSL-JRC

11            Plaintiff,

ORDER GRANTING MOTION TO

12      v.
COMPEL AND EXTEND

PRETRIAL SCHEDULE

13   CITY OF SEATTLE, *et al.*,

14            Defendants.

15

16       This matter is before the Court on referral from the district court and on defendants'

17   motion to compel and extend the pretrial schedule. *See* Dkts. 52, 55.

18       Plaintiff initiated this action alleging that defendants violated several federal and state

19   constitutional rights that, among other things, harmed her mental health. In support of those

20   allegations, plaintiff disclosed an expert report by a neuropsychologist, who examined plaintiff in

21   March 2022 and opined that plaintiff suffered significant psychological and emotional injuries.

22   Defendants sought to take plaintiff's deposition and have their own expert conduct an

23   independent mental examination (IME) on plaintiff. However, after several attempts to schedule

24

the IME and deposition with plaintiff's former counsel, and after attempting to confer with plaintiff directly after her counsel withdrew, defendants have been unable to conduct an IME or depose plaintiff. Thus, defendants move the Court for an order compelling plaintiff to attend an in-person IME and deposition.

After reviewing the motion and relevant record, and given plaintiff's lack of response, the Court grants defendants' motion. Plaintiff has placed her mental condition in controversy and good cause exists to allow defendants to have their expert examine plaintiff. Further, given plaintiff's refusal to cooperate with written discovery and the various allegations of constitutional violations in her amended complaint, the Court finds that a deposition is appropriate and orders plaintiff to attend an in-person deposition.

**BACKGROUND**

In May 2021, plaintiff initiated this action against the City of Seattle, King County, and police officers Scott Luckie and Michael Eastman, alleging that they violated her federal and state constitutional rights when the police officers arrested her during a protest in 2020. *See generally* Dkt. 3. Plaintiff alleges nine causes of action that include several 42 U.S.C. § 1982 claims, violations of the Washington Constitution, and negligence. *See id.* at 13–25. Plaintiff alleges that she "suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, loss of quality of life, loss of enjoyment of life, temporary and/or partial impairment and/or disability, emotional disfigurement and/or scarring, loss of income, economic loss, medical expenses, and other expenses." *Id.* Plaintiff seeks monetary damages. *See id.* at 26.

The parties have exchanged their initial and expert disclosures. *See* Dkt. 53 at 1. On April 4, 2022, plaintiff produced expert report from a neuropsychologist. *See id.* at 2. The parties were in the process of resolving certain discovery issues when, on July 21, 2022, plaintiff's attorney

1     moved to withdraw as plaintiff's attorney because of a breakdown in communication with

2     plaintiff that "ma[de] representation impossible." Dkt. 44 at 2. The Court granted the withdrawal

3     and informed plaintiff that she shall proceed *pro se* unless she procures new counsel. *See* Dkt. 50

4     at 2.

5         On August 18, 2022, defendants' counsel, Ms. Widen, emailed plaintiff to schedule a

6     deposition and IME. *See* Dkt. 53-3 at 2. Ms. Widen offered to work with plaintiff in scheduling

7     the deposition and IME to avoid having plaintiff make multiple trips. *See id.* Plaintiff responded

8     by stating that she cannot travel due to health concerns and an abusive ex-husband who lives in

9     Seattle. *See* Dkt. 53-4 at 3. Plaintiff also indicated that defendants had all the information they

10     needed. *See id.* The next day, defendant King County's counsel emailed plaintiff regarding

11     outstanding written discovery responses. *See* Dkt. 53-5 at 2. Plaintiff responded that she had

12     given her response to providing further information on this case to Ms. Widen and directed King

13     County's counsel to speak with Ms. Widen. *See id.*

14         On September 1, 2022, defendants City of Seattle, Michael Eastman, and Scott Luckie,

15     filed the instant motion to compel. *See* Dkt. 52. Defendant King County joined the motion the

16     next day. *See* Dkt. 55. Defendants move the Court to compel plaintiff to submit to a deposition

17     and to an IME. *See* Dkt. 52 at 5. Defendants also move the Court to extend certain pretrial

18     deadlines. *See id.* at 9. Plaintiff did not file a response to the motion.

19                    **DISCUSSION**

20     **I.**      **Motions to Compel**

21         **A. Meet and Confer Requirement**

22         Pursuant to Local Civil Rule 37(a)(1), motions to compel discovery "must include a

23     certification, in the motion or in a declaration or affidavit, that the movant has in good faith

24

ORDER GRANTING MOTION TO COMPEL AND
EXTEND PRETRIAL SCHEDULE - 3

1    conferred or attempted to confer with the person or party failing to make disclosure or discovery

2    in an effort to resolve the dispute without court action."

3         Here, defendants include a "certification of meet and confer efforts" in their motion. Dkt.

4    52 at 2–4. Defendants state that they made "several attempts to schedule [p]laintiff's deposition

5    and IME, including by letter, emails, and phone conferences with [plaintiff's former] counsel"

6    that were ultimately unsuccessful. *Id.* at 3. After plaintiff's counsel withdrew from

7    representation, defendants attempted to confer with plaintiff directly via email and offered to

8    work with her to schedule her deposition and IME. *See* Dkt. 53-3 at 2. However, plaintiff

9    indicated that defendants had all the information they needed and that she would not cooperate.

10   *See id.*; *see also* Dkt. 53-5 at 2 (plaintiff informed defendant King County that she had given her

11   response to providing further information on this case to Ms. Widen and directed King County's

12   counsel to speak with Ms. Widen).

13        The Court concludes that defendants attempted to resolve the dispute without the Court's

14   intervention and satisfied the meet and confer requirements.

15   **B.  Independent Mental Examination**

16        Defendants first move the Court to compel plaintiff to submit to an in-person IME with

17   Dr. Jennifer Piel, M.D., J.D. *See* Dkt. 52. The Court "may order a party whose mental or physical

18   condition . . . is in controversy to submit to a physical or mental examination by a suitable

19   licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The Court's order "may be made only

20   on motion for good cause and on notice to all parties and the person to be examined." Fed. R.

21   Civ. P. 35(a)(2)(A). Further,

22        courts will order plaintiffs to undergo mental examinations where the cases
          involve, in addition to a claim of emotional distress, one or more of the following:

23        1) a cause of action for intentional or negligent infliction of emotional distress; 2)
          an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of

24

ORDER GRANTING MOTION TO COMPEL AND
EXTEND PRETRIAL SCHEDULE - 4

1            unusually severe emotional distress; 4) plaintiff's offer of expert testimony to
support a claim of emotional distress; and/or 5) plaintiff's concession that his or
2            her mental condition is "in controversy" within the meaning of Rule 35(a).

3   *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995).

4         Here, plaintiff alleges in all nine causes of action that she "suffered and will continue to

5   suffer pain and suffering, mental anguish, emotional distress, loss of quality of life, loss of

6   enjoyment of life, temporary and/or partial impairment and/or disability, emotional

7   disfigurement and/or scarring, loss of income, economic loss, medical expenses, and other

8   expenses." Dkt. 3 at 13–26. Plaintiff has also disclosed an expert report by a neuropsychologist,

9   who examined plaintiff in March 2022 and opined that she suffered significant psychological and

10   emotional injuries. *See* Dkts. 52 at 5, 53 at 1–2. Based on these factors, the Court finds that

11   plaintiff's mental condition is in controversy and allowing a Rule 35 exam would level the

12   playing field in this matter. *See Tang v. City of Seattle*, No. C19-2055-RSL, 2020 WL 7714410,

13   at *2 (W.D. Wash. Dec. 29, 2020)*; Perona v. Time Warner Cable Inc.*, No. ED CV 14-2501-

14   MWF (SPx), 2016 WL 9051867, at *5 (C.D. Cal. May 5, 2016). Accordingly, defendants'

15   motion to compel an IME is granted.

16                     **C.  Deposition**

17         Defendants also move the Court for an order compelling plaintiff's deposition. *See* Dkt.

18   52 at 8. Federal Rule of Civil Procedure 30 permits the deposition of a party. Fed. R. Civ. P.

19   30(a)(1). When evaluating a motion to compel a deposition, courts weigh the importance of the

20   issues at stake in the action, the parties' relative access to relevant information, the parties'

21   resources, the importance of the deposition testimony in resolving the issues, and whether the

22   discovery sought from the deposition is relevant and proportional to the needs of the case. *See*

23   *McVeigh v. Climate Changers Inc.*, Case No. C16-5174-RJB, 2017 WL 615428, at *4 (W.D.

24

1  Wash. Feb. 15, 2017). Courts also consider whether the benefit of compelling participation in a

2  deposition outweighs the burden and expense. *Id*. Even though she is proceeding *pro se*, plaintiff

3  is still required to comply with the Federal Rules of Civil Procedure. *See Ghazalia v. Moran*, 46

4  F.3d 52, 54 (9th Cir. 1995).

5       Here, although discovery is ongoing and plaintiff has not been deposed in this matter, she

6  has indicated that she will not be providing additional information in this case and has chosen not

7  to cooperate with defendants' efforts to take her deposition. *See* Dkt. 52 at 8. In emails to

8  defendants' counsel, plaintiff states that she has provided enough information to defendants and

9  declined to cooperate with scheduling an IME and deposition, or provide answers to written

10 discovery requests. *See* Dkt. 53-4 at 3, 53-5 at 2.

11      Given plaintiff's refusal to cooperate with written discovery and the various allegations

12 of constitutional violations in her amended complaint, the Court finds that a deposition is

13 appropriate. Plaintiff brought this lawsuit and by doing so, she has put her claims at issue. The

14 people and entities she sued should be able to discover the facts behind her claims so that they

15 may properly mount a defense. Plaintiff cannot simply refuse to cooperate during the discovery

16 process once she feels like defendants have enough information. Accordingly, defendants'

17 motion to compel plaintiff's deposition is granted.

18                              **D.  Location of Deposition and Mental Examination**

19      Defendants ask the Court to compel plaintiff to submit to an in-person IME and

20 deposition in Washington. *See* Dkt. 52 at 5–9.

21      "[C]ourts have developed a 'general rule' that plaintiffs should submit to [a medical]

22 examination in the forum in which they chose to bring suit." *Mansel v. Celebrity Coaches of*

23 *America, Inc.*, No. 2:13-CV-01497-JAD, 2013, WL 6844720, at *1 (D. Nev. Dec. 20, 2013); *see*

24

ORDER GRANTING MOTION TO COMPEL AND
EXTEND PRETRIAL SCHEDULE - 6

1   *also Hernandez v. 57 Degrees N., LLC*, No. C06-1098L, 2007 WL 1866891, at *1 (W.D. Wash.

2   June 27, 2007) (stating that "an IME usually should be conducted in the forum plaintiff has

3   selected for litigation"). One of the reasons for the rule is to make a medical expert's appearance

4   at trial more likely. *See Mansel*, 2013, WL 6844720, at *1. However, there is an exception to the

5   general rule if a plaintiff shows that she cannot travel due to a medical condition. *See Prado v.*

6   *County of Siskiyou,* 2009 WL 1657537, *2 (E.D. Cal. June 12, 2009). A plaintiff cannot rely on

7   general claims of inability to travel and carries the burden to provide specific evidence to support

8   her claims. *See Mansel*, 2013, WL 6844720, at *2.

9        Here, defendants' expert, Dr. Jennifer Piel, M.D., J.D., is licensed in Washington and her

10   license requires that her patients be physically present in Washington—even if the examination

11   is conducted over video-based technology. *See* Dkts. 52 at 7, 54 at 2. Plaintiff currently resides in

12   Colorado and, in an email to defendants' counsel, stated that COVID-19, Monkeypox, and Polio

13   make traveling potentially deadly for her because of her autoimmune disorder. *See* Dkt. 53-4 at

14   3. She also stated that returning to Washington is too dangerous because her abusive ex-husband

15   lives in Seattle. *See id.* However, because plaintiff did not respond to defendants' motion, she

16   has not provided the specific evidence that is required to meet her burden. *See Mansel*, 2013, WL

17   6844720, at *2. Notably, plaintiff has not provided a declaration to establish the veracity of those

18   statements and the Court cannot rely on claims of inability to travel made in email

19   correspondence. Further, defendants have offered to accommodate plaintiff's concerns by having

20   the examination conducted near the airport or outside Seattle city limits and to maintain the date

21   and time of the examination confidential. *See* Dkt. 52 at 7.

22        Accordingly, the Court orders that plaintiff's mental examination be conducted in person

23   in Washington state at a time and place to be selected by defendants. Plaintiff is free to seek a

24

protective order if she can provide evidence of her inability to travel. Regarding the deposition, since plaintiff will be required to travel to Washington to attend her mental examination, it makes sense to have plaintiff appear in person for her deposition at the same time. However, here too, plaintiff may move to have the deposition be taken by remote means pursuant to Fed. R. Civ. P. 30(b)(4) if she can make the proper showing.

## II.     Motion to Extend Pretrial Deadlines

Due to plaintiff's lack of cooperation, defendants ask the Court to extend certain discovery deadlines. *See* DKt. 52 at 9. The Court finds good cause and grants the request. The scheduling order in this matter is amended as follows:

| Event | Prior Deadline | Amended Deadline |
|---|---|---|
| Defendants' expert disclosures under Fed. R. Civ. P. 26(a)(2) | September 23, 2022 | November 18, 2022 |
| Rebuttal expert disclosures | October 5, 2022 | December 7, 2022 |
| Discovery completed by | January 3, 2023 | January 31, 2023 |
| Dispositive motions filed by | January 30, 2023 | February 28, 2023 |

The parties shall comply with the Court's pretrial scheduling order except as amended herein. The Court recognizes that defendants requested these dates in September, and they may require further extension depending on when the IME and deposition are scheduled.

## III.     Other Issues

Defendant King County filed a declaration from its counsel, Ann Summers, informing the Court that Ms. Summers received a package in the mail, postmarked from Denver, Colorado, that contained a copy of her previous declaration, and what appears to be owl pellets. *See* Dkt. 58. Defendant concludes that plaintiff sent the package. *See* Dkt. 57 at 2. However, defendant does

1    not move for sanctions and only asks the Court to consider plaintiff's conduct in deciding the

2    motions to compel. *See id.*

3         Federal courts have an inherent authority to sanction litigants for misconduct. *See*

4    *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991); *see also Evon v. Law Offices of Sidney*

5    *Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012). This Court may choose any appropriate sanction

6    "that will punish the past misconduct and prevent future misconduct." *Molski v. Evergreen*

7    *Dynasty Corp.,* 500 F.3d 1047, 1065 n.8 (9th Cir. 2007). That includes the power to dismiss an

8    action "when a party has . . . engaged in conduct utterly inconsistent with the orderly

9    administration of justice." *Anheuser–Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348

10   (9th Cir. 1991). Since plaintiff has not responded to the allegations and defendant has not

11   requested sanctions at this time, the Court will take no further action, except to say that the

12   alleged conduct, if proven, would be grounds for sanctions.

13                                          **CONCLUSION**

14         Defendants' motion to compel an IME and deposition (Dkt. 52) is granted. Plaintiff shall

15   submit to a mental examination to be conducted by Dr. Jennifer Piel, M.D., J.D., in Washington

16   and on a date mutually agreed upon by Dr. Piel and all parties.[1] The examination may include an

17   in-person interview lasting no more than 4 hours, wherein both Dr. Piel and plaintiff would be

18   required to wear masks and follow standard COVID protocol, as well as the completion of some

19   brief screening tools that plaintiff can do in advance of the interview or at the beginning of the

20   interview, if needed, and the completion of some psychological testing, which Dr. Piel will

21

22

23         [1] Fed. R. Civ. P. 35(a)(2)(B) states that the Court's order must specify the time and place of the
     examination. However, given potential safety concerns that may be present in this matter, the Court declines to
24   include them in its order.

ORDER GRANTING MOTION TO COMPEL AND
EXTEND PRETRIAL SCHEDULE - 9

1   arrange to be sent to plaintiff directly from the test administrator, and she is to complete online

2   via secure link in a timely manner.

3          Plaintiff shall also appear for an in-person videotaped deposition in Washington, on a

4   date mutually agreed upon by all parties. The Court directs the Clerk to send a copy of this order

5   to plaintiff.

6          Dated this 19th day of October, 2022.

7

8          _____
           J. Richard Creatura
9          Chief United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24