UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAMANTHA L. SIX,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF SEATTLE, *et al.*,<br><br>            Defendants. | CASE NO. 2:21-cv-00658-RSL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: January 13, 2023 |

This matter is before the Court on referral from the district court and on defendants' motion to dismiss. *See* Dkts. 61, 63.

Plaintiff initiated this action alleging that defendants, among other things, harmed plaintiff's mental health after Seattle Police Department officers arrested her during a protest in the summer of 2020. Despite putting her mental condition in controversy, plaintiff refused to cooperate with defendants in scheduling an independent mental examination (IME) and deposition. Plaintiff's refusal continued even after this Court issued an order compelling her cooperation. When defendants informed plaintiff of the Court's order, plaintiff indicated that she

REPORT AND RECOMMENDATION - 1

has no intention of cooperating with defendants in further discovery regardless of "irrelevant rulings."

Defendants now move for dismissal as a sanction for plaintiff's refusal to obey the Court's discovery order. After reviewing the motions and the relevant record, the Court agrees that dismissal is appropriate in this matter. Plaintiff has made it clear that she will not prosecute her action in good faith and has willfully disobeyed this Court's order. However, the Court disagrees with defendants that dismissal with prejudice is warranted. Accordingly, the Court recommends that defendants' motions to dismiss be granted in part and that plaintiff's action be dismissed without prejudice.

## BACKGROUND

In May 2021, plaintiff initiated this action against the City of Seattle, King County, and Seattle Police Department officers Scott Luckie and Michael Eastman, alleging that they violated her federal and state constitutional rights when the police officers arrested her during a protest in July 2020. *See generally* Dkt. 3. Plaintiff alleges nine causes of action that include several 42 U.S.C. § 1982 claims, violations of the Washington Constitution, and negligence. *See id.* at 13–25. Plaintiff alleges that she "suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, loss of quality of life, loss of enjoyment of life, temporary and/or partial impairment and/or disability, emotional disfigurement and/or scarring, loss of income, economic loss, medical expenses, and other expenses." *Id.* Plaintiff seeks monetary damages. *See id.* at 26.

The parties exchanged expert disclosures, which includes plaintiff's expert report from a neuropsychologist. *See* Dkt. 53 at 1–2. The parties were in the process of resolving certain discovery issues when, on July 21, 2022, plaintiff's attorney moved to withdraw as plaintiff's

REPORT AND RECOMMENDATION - 2

1 attorney because of a breakdown in communication with plaintiff that "ma[de] representation

2 impossible." Dkt. 44 at 2. The Court granted the withdrawal and informed plaintiff that she shall

3 proceed *pro se* unless she procures new counsel. *See* Dkt. 50 at 2.

4       On August 18, 2022, defendants' counsel, Ms. Widen, emailed plaintiff to schedule a

5 deposition and IME. *See* Dkt. 53-3 at 2. Ms. Widen offered to work with plaintiff in scheduling

6 the deposition and IME to avoid having plaintiff make multiple trips from Colorado to

7 Washington. *See id.* Plaintiff responded by stating that she cannot travel due to health concerns

8 and an abusive ex-husband who lives in Seattle. *See* Dkt. 53-4 at 3. Plaintiff also indicated that

9 defendants had all the information they needed. *See id.* The next day, defendant King County's

10 counsel emailed plaintiff regarding outstanding written discovery responses. *See* Dkt. 53-5 at 2.

11 Plaintiff responded that she had given her response regarding providing further information in

12 this case to Ms. Widen and directed King County's counsel to speak with Ms. Widen. *See id.*

13       On September 1, 2022, defendants City of Seattle, Michael Eastman, and Scott Luckie,

14 filed a motion to compel. *See* Dkt. 52. Defendant King County joined the motion the next day.

15 *See* Dkt. 55. Defendants moved the Court to compel plaintiff to submit to a deposition and to an

16 IME. *See* Dkt. 52 at 5. On October 19, 2022, the Court granted defendants' motion and ordered

17 plaintiff to attend a mental examination and deposition on dates mutually agreed upon by all

18 parties. *See* Dkt. 60.

19       On November 3, 2022, defendants City of Seattle, Michael Eastman, and Scott Luckie,

20 filed a motion to dismiss. *See* Dkt. 61. Defendant King County filed a similar motion the next

21 day. *See* Dkt. 62. Defendants allege that plaintiff refused to cooperate with scheduling the IME

22 or deposition and that she stated she would not cooperate "regardless of irrelevant rulings." Dkt.

23 62-6 at 2. Defendants informed plaintiff of this Court's orders and told her that they intended to

24

REPORT AND RECOMMENDATION - 3

1 file a motion with the Court if she refused to cooperate. *See* Dkt. 62-7, at 2. Plaintiff responded

2 with the following email:

> From: Samantha Six <samanthasix51@gmail.com>
> Sent: Thursday, October 27, 2022 1:14 PM
> To: Widen, Rebecca
> Cc: Khanna, Natasha; Nakata, Kelly; Beck, Jay; Summers, Ann; Vitalich, Andrea; Bridgman, Kris
> Subject: Re: Six v. City of Seattle - IME and deposition
> Attachments: image001.png
>
> CAUTION: External Email
>
> Call it what you need in order to be at peace with yourself. 👆

Dkt. 62-8 at 2.

Plaintiff did not respond to defendants' motions to dismiss.

## DISCUSSION

### I. Dismissal as a Sanction

Defendants argue that plaintiff's conduct justifies the dismissal of this action. *See* Dkts. 61, 63. Pursuant to Federal Rule of Civil Procedure 37(b)(2), the Court may sanction a party for failing to obey a Court order to provide discovery. The Court may exercise its discretion and dismiss an action in whole or in part. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). "By the very nature of its language, sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge." *O'Connell v. Fernandez-Pol*, 542 F. App'x 546, 547–48 (9th Cir. 2013). However, when considering dismissal as a sanction, the Court must first determine whether the offending party's noncompliance was "due to willfulness, fault or bad faith." *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981). Here, plaintiff's noncompliance with the Court's order was clearly willful. *See* Dkt. 62-6 at 2.

Having found willful noncompliance, the Court must next determine whether dismissal is appropriate by weighing the following five factors: (1) the public's interest in expeditious

REPORT AND RECOMMENDATION - 4

resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). The Ninth Circuit has approved dismissal when "at least four factors support dismissal" or "three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992)). However, there is no precise threshold a court must meet because the factors are "a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything," *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

In weighing the factors, the Court notes that the first two factors "nearly always" tip in favor of dismissal, while the fourth "generally cuts against" it. *Spesock v. U.S. Bank, NA*, No. C18-0092-JLR, 2018 WL 5825439, at *3 (W.D. Wash. Nov. 7, 2018). That holds true here. Although the Court prefers to resolve this matter on the merits, plaintiff's refusal to cooperate with discovery and her willful failure to comply with the Court's order has delayed this matter and there is no indication that plaintiff intends to move the case forward in good faith.

As to the third factor, the Court finds that defendants have been prejudiced by plaintiff's refusal to cooperate with discovery and her failure to comply with the Court's order. Defendants allege that plaintiff's actions have prevented them "obtaining critical evidence required to fairly defendant themselves against [p]laintiff's claims." Dkt. 61 at 9. Indeed, the Court previously concluded that defendants were entitled to an IME and a deposition to properly defend themselves. *See* Dkt. 60 at 5–6. The deprivation of this discovery impairs defendants' ability to defend themselves. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) ("A

defendant suffers prejudice if plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case.").

Finally, the fifth factor also weighs in favor of dismissal. The Court finds that any sanctions less than dismissal would be futile in this matter given plaintiff's conduct and willful disregard for the Court's orders. Plaintiff has not filed anything in this matter since her counsel withdrew in August 2022 and does not appear to be interested in proceeding with her lawsuit. And, plaintiff informed defendants that she would not comply with the Court's "irrelevant rulings." Dkt. 62-6 at 2.

The Court warned plaintiff that misconduct could result in a dismissal of her action. *See* Dkt. 60 at 9. For the reasons stated, the Court recommends dismissal.

However, the Court disagrees with defendants that dismissal should be with prejudice. The Court finds that the less drastic measure in this matter is dismissal without prejudice. *See Davis v. McDonnell*, No. CV 15-4057-JGB (JPR), 2015 WL 10793491, at *2 (C.D. Cal. Aug. 11, 2015), *report and recommendation adopted*, 2015 WL 10793691 (C.D. Cal. Sept. 30, 2015).

In sum, four out of the five factors weigh in favor of dismissal of this action. Plaintiff's *pro se* status does not excuse intentional noncompliance with discovery rules and court orders. *See Gordon v. County of Alameda,* 2007 WL 1750207, at *5 (N.D. Cal. June 15, 2007) ("pro se plaintiffs must abide by the rules of discovery, and when they fail to do so in bad faith dismissal is warranted").

**II.     Local Civil Rule 41**

Plaintiff's action is also subject to dismissal for failing to comply with the Local Civil Rules (LCR). Pursuant to LCR 41, a *pro se* plaintiff must keep an updated address with the

1  Court. "If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service, or if
2  email is returned by the internet service provider, and if such plaintiff fails to notify the court and
3  opposing parties within 60 days thereafter of his or her current mailing or email address, the
4  court may dismiss the action without prejudice for failure to prosecute." LCR 41(b)(2).

5  Here, the Clerk's office mailed plaintiff a copy of this Court's order on August 10, 2022.
6  *See* Dkt. 50. The Postal Service returned the mail as undeliverable on August 23, 2022. *See* Dkt.
7  51. Plaintiff had until October 22, 2022, to update her address with the Court. As of the date of
8  this report, plaintiff has not filed anything in this action. Thus, plaintiff's failure to update her
9  address, obey Court orders, and otherwise fail to file anything in her case, leads this Court to
10  recommend dismissal of this action without prejudice.

## CONCLUSION

12  For the reasons set forth above, the Court recommends that defendants' motions to
13  dismiss (Dkts. 61, 63) be granted in part in part and that this action be dismissed without
14  prejudice.

15  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
16  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
17  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
18  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those
19  objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*
20  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

21  ///
22  ///
23  ///
24

1     Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 13, 2023** as noted in the caption.

    Dated this 28th day of December, 2022.

J. Richard Creatura
Chief United States Magistrate Judge